IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. PATRICIA DARLENE HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. __21-CV-041-RAW__ |
| | ) | |
| 1. FORD MOTOR COMPANY and | ) | Removed from Murray County |
| 2. BILLINGSLEY FORD, LLC, d/b/a | ) | No. CJ-2020-59 |
| BILLINGSLEY FORD OF ARDMORE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Ford Motor Company ("Ford") and Billingsley Ford, LLC, d/b/a Billingsley Ford of Ardmore ("Billingsley Ford")[1] hereby give notice of the removal of this action from the District Court of Murray County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma. Removal is appropriate under 28 U.S.C. § 1441(a) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Ford alleges and states as follows:

#### I.   INTRODUCTION AND BACKGROUND

1. On December 2, 2020, Plaintiff filed this action, styled *Patricia Darlene Hodge v. Ford Motor Company, Billingsley Ford of Ardmore, Billingsley Ford, LLC, and*

---

[1] In her state court action, Plaintiff ostensibly named four defendants: (1) Ford Motor Company, (2) Billingsley Ford of Ardmore, (3) Billingsley Ford, LLC, and (4) Billingsley Ford, Inc. The only properly named defendants in this action are Ford Motor Company and Billingsley Ford, LLC. "Billingsley Ford of Ardmore" is merely a trade name used by Billingsley Ford, LLC, and Billingsley Ford, Inc. no longer exists—it was converted to Billingsley Ford, LLC in 2014.

*Billingsley Ford, Inc.*, in the District Court of Murray County, Oklahoma, Case No. CJ-2020-59 (the "Action"). [Petition, Ex. 1].

2. Plaintiff claims she purchased a 2011 Ford Fusion (the "Subject Vehicle") from Billingsley Ford in May 2013. [Petition, ¶ 4, Ex. 1].

3. Plaintiff's asserts three causes of action in her Petition: (1) manufacturer's products liability against Ford, (2) negligence against Ford, and (3) negligence against Billingsley Ford. [Petition, Ex. 1]. In all three causes of action, Plaintiff seeks damages for personal injuries arising out of an alleged defect in the driver's airbag of the Subject Vehicle, which she claims spontaneously deployed and caused her to become involved in an accident.

4. On all three causes of action, Plaintiff seeks damages "in excess of $10,000." [Petition at pp. 9-10, Ex. 1]. Plaintiff also alleges that, as a result of defendants' conduct, she "has suffered medical bills in excess of $2 million, and has endured the pain and suffering of the initial injuries, the 6 surgeries, the removal of her spleen and part of her bowel, and her ongoing inability to walk as she could before the accident, and without pain." [Petition at ¶ 22, Ex. 1].

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Although Plaintiff has named resident defendant Billingsley Ford, it should be disregarded for purposes of removal because Billingsley Ford has been fraudulently joined to prevent removal. *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (recognizing that fraudulent joinder occurs where the plaintiff "joins a resident

defendant against whom no cause of action is stated in order to prevent removal," and that, in such cases, the court should "disregard the fraudulently joined non-diverse party for removal purposes" (citation and quotation marks omitted)); *Atkins v. Heavy Petroleum Partners, LLC*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court). Thus, the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II. THE AMOUNT IN CONTROVERSY IS SATISFIED

6. A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). *See also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) (reiterating *Dart*'s plausible allegation requirement).

7. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Although Plaintiff's Petition states only that she seeks damages "in excess of $10,000" on each of her three causes of action, she expressly claims damages for "medical bills in excess of $2 million," as well as pain and suffering related to her "initial injuries, the 6 surgeries, the removal of her spleen and part of her bowel, and her ongoing inability to walk as she could before the accident, and without pain." [Petition at ¶ 22, Ex. 1].

8. Based on the nature of Plaintiff's allegations and her claims of serious injuries and damages, it is both plausible and probable that the amount in controversy

exceeds $75,000.00, exclusive of costs and interest. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

### III. COMPLETE DIVERSITY EXISTS

#### A. BILLINGSLEY FORD IS A FRAUDULENTLY JOINED DEFENDANT

9. When a plaintiff fraudulently joins a defendant in order to preclude removal on diversity grounds, the citizenship of the fraudulently joined defendant is disregarded for the purposes of analyzing whether diversity jurisdiction exists. *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (holding fraudulently joined defendant is disregarded for purposes of diversity jurisdiction); *Atkins*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court).

10. Fraudulent joinder can be proven by showing that either (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).

11. In her Petition, Plaintiff claims Billingsley Ford owns and/or operates a Ford dealership in Ardmore, Oklahoma, where she purchased the subject 2011 Ford Fusion (the "Subject Vehicle") in May 2013. [Petition, ¶ 4, Ex. 1]. Plaintiff asserts negligence against Billingsley Ford, claiming in "May 2013, any dealer in Ford products, such as Billingsley Ford, knew or should have known that they contained Takata air bags and that they were defective." [Petition, ¶ 33, Ex. 1].

12. Plaintiff does not claim Billingsley Ford was involved in the design of 2011 Ford Fusion vehicles, and she admits Billingsley Ford was not the manufacturer of the Subject Vehicle. [*See* Petition, ¶ 32, Ex. 1].

13. Pursuant to 76 O.S. § 57.2(E), a products liability action may not be asserted against a non-manufacturing seller unless one of six exceptions is applicable:

1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

5. The manufacturer is not subject to service of process under the laws of the state; or

6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

14. This Court has interpreted 76 O.S. § 57.2(E) as "add[ing] a new element" to a product liability action against a non-manufacturing product seller. *Farmers Ins. Co. v. Big Lots, Inc.*, No. 15-cv-97-GKF-PJC, 2015 WL 5943447 at *3 (N.D. Okla. Oct. 13,

2015); *see also Honeywell v. GADA Builders, Inc.*, 2012 OK CIV APP 11, ¶ 21, 271 P.3d 88, 96 (stating "[a] product liability action may be based on a theory of negligence liability or strict product liability.")

15. In *Shelton v. Sha Ent., LLC*, No. 20-cv-644-D, 2020 WL 6389858 at *2 (W.D. Okla. Oct. 30, 2020), the Western District of Oklahoma granted a non-manufacturing seller's motion to dismiss because plaintiffs' petition "contain[ed] no factual allegations that would place [the seller]'s conduct into one of the exceptions enumerated in § 57.2(E)." Likewise, Plaintiffs here have utterly failed to allege any facts that would place Billingsley Ford's conduct into one of the enumerated exceptions. [*See* Petition, ¶¶ 4, 31-35].

16. Plaintiff likewise has no possibility of recovery under 76 O.S. § 57.2(G), which provides:

> G. A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:
>
> 1. The product seller sold the product involved in such action;
>
> 2. The product seller did not exercise reasonable care:
>
>    a. In assembling, inspecting, or maintaining such product, or
>
>    b. In passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
>
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

17. To bring a negligence claim under Oklahoma law, a plaintiff must allege: "(1) the existence of a duty owed by Defendant to Plaintiff to use ordinary care; (2) the breach of that duty; and (3) an injury proximately caused by the breach." *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1310, 1319 (N.D. Okla. 2000) (citing *Comer v. Preferred Risk Mut. Ins. Co.*, 1999 OK 86, 991 P.2d 1006.

18. In her Petition, Plaintiff fails to articulate what duty Billingsley Ford owed her in regard to the alleged defect that caused her injuries, nor how it breached any duty under 76 O.S. § 57.2(G). Rather, she includes only a generic and conclusory allegation that "at the time Billingsley Ford sold the 2011 Ford Fusion to Ms. Hodge, it knew, or should have known that it contained a Takata air bag, and that Takata air bags were by then known to have defects." [Petition, ¶ 34, Ex. 1]. Plaintiff's cause of action against Billingsley Ford fails as a matter of law, and therefore she has no possibility of recovery against Billingsley Ford.

19. Under 76 O.S. §§ 57.2(E) and (G), Plaintiff has no possibility of recovery against Billingsley Ford, and therefore its citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795. Ford is a Delaware corporation with its principle place of business in Michigan, and therefore complete diversity exists among the non-fraudulently joined parties. [Petition, ¶ 2, Ex. 1].

## IV.   PROCEDURAL REQUIREMENTS FOR REMOVAL

20.   This lawsuit was filed on December 2, 2020. Ford was served on January 19, 2020, and Billingsley Ford was served on January 18, 2020. This Notice of Removal has been filed within 30 days from service of Plaintiffs' Petition and within one year of the commencement of the action. Accordingly, removal is timely pursuant to 28 U.S.C. §§ 1446(b).

21.   As required by LCvR 81.2, a copy of the Docket Sheet, Murray County, Case No. CJ-2020-59, is attached as Exhibit 2.

22.   As required by 28 U.S.C. § 1446(a), a returned Summons for defendant Ford and a copy of the Summons received by defendant Billingsley Ford are attached as Exhibits 3 and 4, respectively.

23.   As required by 28 U.S.C. § 1446(d), written notice of the removal will be served on Plaintiffs and a copy will be filed with the Clerk of the District Court for Murray County promptly after this Notice of Removal is filed.

24.   This action is properly removed to the United States District Court for the Eastern District of Oklahoma, which "embrac[es] the place where such action is pending." 28 U.S.C. §§ 1441(a) & 116(c).

25.   This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Ford has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and Plaintiff is a citizen of a different state than Defendant Ford.

26. Billingsley Ford is a fraudulently joined defendant and, therefore, its citizenship is disregarded for purposes of determining diversity jurisdiction.

27. Ford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, Defendant Ford respectfully removes this action from the District Court in and for Murray County to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 8th day of February, 2021.

McAFEE & TAFT, PC

By s/ Andrew L. Richardson
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #16298
Dru A. Prosser, OBA #32487
Two West 2nd Street, Suite 1100
Tulsa, OK 74103
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
dru.prosser@mcafeetaft.com
(918) 587-0000; (918) 599-9317 (fax)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Fob Jones

Anton J. Rupert
Geren T. Steiner

*Attorneys for Plaintiff*

                                         s/ Andrew L. Richardson