IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PATRICIA DARLENE HODGE,

    *Plaintiff*,

v.

FORD MOTOR COMPANY;
BILLINGSLEY FORD OF ARDMORE;
BILLINGSLY FORD, LLC; and
BILLINGSLY FORD, INC.,

    *Defendants*.

Case No. 21-CV-41-EFM

## MEMORANDUM AND ORDER

Before the Court is a Motion to Remand (Doc. 16) filed by Plaintiff Patricia Hodge. This case was removed from Oklahoma state court by Defendants Ford Motor Company ("Ford") and Billingsley Ford, LLC ("Billingsley Ford") (collectively "Defendants")[1] on the premise of fraudulent joinder; that Plaintiff named non-diverse Billingsley Ford to foreclose Defendants from seeking otherwise proper removal. Plaintiff claims that Billingsley Ford was properly named as a Defendant and that the Court should remand the case. For the reasons stated herein, the Court grants Plaintiff's Motion.

### BACKGROUND

Plaintiff purchased a Ford vehicle from Billingsley Ford in May 2013. In December 2018, the airbags of Plaintiff's vehicle spontaneously activated while she was driving. This impeded Plaintiff's visibility, caused her to drive off the road, and resulted in a single-vehicle accident where Plaintiff's car collided with a building. Plaintiff suffered numerous injuries in the collision.

---

[1] The parties stipulated to dismissal of Defendants Billingsley Ford of Ardmore and Billingsley Ford, Inc.

Plaintiff sued Defendants in the District Court of Murray County, Oklahoma, in December 2020 claiming manufacturer's product liability against Ford, negligence against Ford, and negligence against Billingsley Ford. Regarding jurisdiction, Plaintiff pled that she is an Oklahoma citizen, Billingsley Ford is an Oklahoma citizen, and Ford is a Delaware and Michigan citizen. Defendants removed the case to this Court on February 8, 2021. In their notice of removal, Defendants claimed Billingsley Ford, whose citizenship is not diverse from Plaintiff's, was fraudulently joined to defeat removal. Billingsley Ford filed a motion to dismiss on February 15, 2021. Plaintiff's instant Motion to Remand followed.

## LEGAL STANDARD

"Fraudulent joinder is a term of art. It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant."[2] "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[4] "In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal."[5] However, "upon specific allegations of

---

[2] *Ervin v. Minnesota Life Ins. Co.*, 2020 WL 2521510, at *2 (E.D. Okla. 2020) (citation omitted).

[3] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation and alteration omitted).

[4] *Id.* (quotation omitted).

[5] *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[6]

"The Tenth Circuit has never explained in a published opinion exactly what it meant in *Dutcher* when it said that the party alleging fraudulent joinder must show the 'inability of the plaintiff to establish a cause of action against the non-diverse party.' "[7]  However, "[w]here the Tenth Circuit has upheld the denial of remand, undisputed evidence showed that recovery against the nondiverse defendant was impossible as a matter of law."[8]  "Therefore, in the interests of clarity, and consistent with Tenth Circuit precedent," Oklahoma federal district courts require "that, in order to demonstrate 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court,' the party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant."[9]  A plaintiff's "nonliability . . . must be 'established with complete certainty,' " which is a "more exacting [standard] than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)."[10]

## ANALYSIS

Plaintiff brings suit against Billingsley Ford under 76 O.S. § 57.2(G), an Oklahoma statute enacted in 2014 which defines when the seller of a defective product may be held liable for negligence:

> A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:

---

[6] *Id.*

[7] *Mayes Cty. FOP Lodge #116, Inc v. Farmers Ins. Exch.*, 2020 WL 6136236, at *2 (N.D. Okla. 2020).

[8] *Id.* (collecting cases).

[9] *Id.  See also Crabb v. CSAA Gen. Ins. Co.*, 2021 WL 3115393, at *2 (W.D. Okla. 2021); *Hicks v. FG Mins. LLC*, 2020 WL 2104928, at *2 (E.D. Okla. 2020).

[10] *Hicks*, 2020 WL 2104928 at *2 (quotation omitted); *Dodd*, 329 F.2d at 85 (citation omitted).

3

> 1. The product seller sold the product involved in such action;
>
> 2. The product seller did not exercise reasonable care:
>
>> a. in assembling, inspecting, or maintaining such product, or
>>
>> b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
>
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.[11]

Oklahoma federal district courts have twice considered § 57.2(G) in the context of fraudulent joinder and both times found defendants failed to demonstrate nonliability with complete certainty, in part because of the statute's relative newness and a lack of interpretive guidance on it from Oklahoma state appellate courts.[12] "It is inherently more difficult for a defendant to establish that a plaintiff has no possibility of recovery under a state law that has yet to be fleshed out by that state's courts. While not determinative, the newness of the statute cautions against a finding of fraudulent joinder in this case."[13] Although the *Maples* opinion is from six years ago, Oklahoma appellate courts still have not yet defined the bounds of § 57.2(G), and the court's reasoning therefore still applies.

As in *Maples*, Defendants do not deny that Billingsley Ford "ever exercised any control over the vehicle or [sold] the vehicle."[14] Instead, in *Maples* and here, Defendants "simply state[] what [their] position will be in the lawsuit—namely, that [they] did not negligently perform any

---

[11] 76 O.S. § 57.2(G).

[12] *See Lopez v. Cont'l Tire N. Am., Inc.*, 2018 WL 2560332, at *5 (N.D. Okla. 2018); *Maples v. FCA US LLC*, 2015 WL 5971092, at *3-4 (N.D. Okla. 2015).

[13] *Maples*, 2015 WL 5971092 at *4 (citation omitted).

[14] *Id.* at *3 (contrasting cases where fraudulent joinder was found given "undisputed evidence showed that non-diverse defendant was not the seller" of the product in question).

independent action that caused Plaintiff[']s harm."[15] This is not sufficient to prove nonliability with complete certainty.[16]

Defendants focus on the second prong of § 57.2(G), relying on the theory that "Plaintiff's allegations cannot possibly support a cause of action for negligence" because "no recalls pertaining to the subject vehicle's driver's airbag had been initiated" and "Plaintiff cannot identify any warning or instructions from Ford Motor Company[] which Billingsley [LLC] failed to pass on" at the time of the sale transaction. They appear to base this argument on two "defect information reports" about the allegedly defective airbags: one from April 2013 regarding non-Ford vehicles and one from May 2015 regarding Ford vehicles. In the absence of Oklahoma caselaw construing § 75.2(G), the Court is unwilling to read the statute so narrowly as to limit "warnings or instructions" to any particular type of publication or instruction.

Defendants also disregard Plaintiff's allegations regarding a 2008 recall issued by Honda for driver's side Takata airbags, calling those a "non-sequitur." But in doing so, Defendant fails to contend with Plaintiff's allegations that the vehicle in question had defective Takata airbags, Billingsley Ford knew the vehicle had Takata airbags, Defendant received notice of the recall and still failed to exercise reasonable care when it neglected to "pass[] on [these] warnings or instructions." Accepting these facts as true at this juncture, as the Court must, Defendant cannot establish nonliability as a complete certainty.

For Defendants to prove nonliability with complete certainty, they would have to prove a negative: that there was no conceivable way Billingsley Ford received and failed to pass along

---

[15] *Id.* Defendants also repeatedly argue that Plaintiff's claims do not meet the plausibility standard used on review of a 12(b)(6) motion to dismiss. As stated, the 12(b)(6) standard does not apply to fraudulent joinder. *Hicks*, 2020 WL 2104928 at *2.

[16] *Maples*, 2015 WL 5971092 at *4 (citation omitted).

proper warning regarding before selling the car. On the record presented, the Court cannot find that Plaintiff has no possibility of recovery against Billingsley Ford. If fraudulent joinder is not proven, the merits of the case "should be left to the state court where the action was commenced."[17] Remand is proper.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand, Doc. 16, is hereby **GRANTED.** This matter is hereby remanded to the District Court for Murray County, Oklahoma.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, Doc. 13, is **DENIED AS MOOT.**

DATED this 6th day of June 2022.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[17] *Montano v. Allstate Indem.*, 2000 WL 525592, at *2 (10th Cir. 2000) (unpublished) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992).